UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 26 Crim. 10 (LGS) |
| -against- | : | **ORDER** |
| EGDAR GOMEZ-QUILES, Defendant. | : | |

LORNA G. SCHOFIELD, District Judge, sitting by designation:

WHEREAS, on September 18, 2026, Defendant Edgar Gomez-Quiles moved to dismiss his indictment, invalidate the Government's rejection of his negotiation efforts and disqualify from further participation in Defendant's case John A. Sarcone III, who purports to act as Special Attorney and First Assistant U.S. Attorney ("FAUSA") for the Northern District of New York ("NDNY").

WHEREAS, the Opinion & Order dated October 30, 2026 (the "Opinion") denied Defendant's requests to dismiss the indictment and invalidate the rejections of Defendant's negotiation efforts but reserved decision on the request to disqualify Mr. Sarcone pending a supplemental submission from the Government. *United States v. Gomez-Quiles*, No. 26 Crim. 10, 2026 WL 3269871, at *6 (N.D.N.Y. Oct. 30, 2026). The Opinion directed the Government to produce documents identifying "the basis for (i) Mr. Sarcone's current authority to serve as Special Attorney and/or FAUSA of the NDNY or (ii) any other authority supporting Mr. Sarcone's continued participation in Defendant's prosecution." *Id.*

WHEREAS, on November 6, 2026, the Government filed its supplemental submission. The cover letter asserts that "Mr. Sarcone's authority as Special Attorney and FAUSA is the basis for his participation, if any, in [Defendant's] prosecution."

WHEREAS, in support of Mr. Sarcone's current authority as Special Attorney, the Government submitted (1) a July 15, 2025, letter from the Executive Office for United States Attorneys appointing Mr. Sarcone as a Special Attorney for an "indefinite" term and (2) an October 8, 2025, order by then-Attorney General Pamela Bondi ratifying that appointment "as of July 15, 2025."

WHEREAS, in support of Mr. Sarcone's current authority as FAUSA, the Government submitted a July 29, 2026, order by then-Acting Attorney General Todd Blanche appointing Mr. Sarcone as an Assistant U.S. Attorney ("AUSA") as of July 26, 2026, and "continu[ing] the designation of Mr. Sarcone as [FAUSA]."

WHEREAS, familiarity with the underlying facts and procedural history is assumed.

WHEREAS, as explained below, Defendant's request to disqualify Mr. Sarcone from future involvement in the case is denied.

**Authority to Serve as Special Attorney**

WHEREAS, the Government asserts that Mr. Sarcone is currently authorized to serve as Special Attorney based on his July 2025 appointment, which was ratified in October 2025 by then-Attorney General Bondi.

WHEREAS, this argument is contrary to currently binding law. The Second Circuit recently held that Mr. Sarcone's July 2025 appointment as Special Attorney was impermissible. *In re Grand Jury Subpoenas to Off. of N.Y. State Att'y Gen.* (*Grand Jury Subpoenas*), 188 F.4th 595, 610-11 (2d Cir. 2026), *petition for cert. filed*, No. 26-348 (U.S. Sep. 15, 2026). The Circuit concluded that the appointment letter's authorization of Mr. Sarcone to "conduct in the [NDNY], any kind of legal proceedings . . . which United States Attorneys are authorized to conduct" was a "wholesale delegation" of the powers of the U.S. Attorney barred by the Federal Vacancies

Reform Act's exclusivity provision. *Id.* The Government acknowledged that the July 2025 appointment "has not been revised." Mr. Sarcone's Special Attorney appointment is unlawful for the reasons stated in *Grand Jury Subpoenas*.

**<u>Authority to Serve as FAUSA</u>**

WHEREAS, the Government asserts that Mr. Sarcone is currently authorized to serve as FAUSA based on then-Acting Attorney General Blanche's July 2026 order (1) appointing Mr. Sarcone as an AUSA and (2) "continuing" Mr. Sarcone's designation as FAUSA. The initial FAUSA designation, which was for a one-year period, was made in July 2025 and ratified in October 2025 by then-Attorney General Bondi.

WHEREAS, this argument also fails. As with the Special Attorney appointment, the Second Circuit rejected Mr. Sarcone's first designation as FAUSA in July 2025 because that designation delegated to Mr. Sarcone all of the duties of the U.S. Attorney and "functionally made him the acting [U.S. Attorney] in all but name." *Id.* at 610-13, 615. The July 2026 order continuing the FAUSA designation does not remedy that defect. Rather than narrow the scope of the designation, the order repeats almost verbatim the language from the prior October 2025 order. The 2026 order states that, "[a]s [FAUSA], Mr. Sarcone will have the authority to serve as Acting United States Attorney upon a vacancy in that office." *Grand Jury Subpoenas* contemplated that, under different circumstances, Mr. Sarcone could participate in a case as Special Attorney or FAUSA if he were granted "a narrow delegation to conduct the specific investigations involved in th[e] case, rather than . . . all the duties of the U.S. Attorney's office." *Id.* at 614. The July 2026 order purporting to continue Mr. Sarcone's previous, improper designation is not such a delegation. Mr. Sarcone's FAUSA appointment is unlawful for the reasons stated in *Grand Jury Subpoenas*.

**Disqualification**

WHEREAS, under *Grand Jury Subpoenas*, Mr. Sarcone is disqualified from further participation in Defendant's case as either Special Attorney or FAUSA. While the Government has petitioned the Supreme Court for review of the Second Circuit's decision, it remains binding law in the meantime.

WHEREAS, the Government points only to Mr. Sarcone's authority as Special Attorney and FAUSA as the basis for his involvement, if any, in Defendant's prosecution. However, Mr. Sarcone's appointment as an AUSA offers a third and proper avenue for him to act. Attorney General Blanche's July 2026 order appointed Mr. Sarcone as an AUSA, and Mr. Blanche was permitted to make that appointment. *See* 28 U.S.C. § 542(a) (granting the Attorney General the ability to appoint AUSAs). For the foregoing reasons, it is hereby

**ORDERED** that Defendant's request for Mr. Sarcone's disqualification from further participation in the case is **DENIED**. Mr. Sarcone may not participate in Defendant's case as Special Attorney or FAUSA because he is not validly serving in either role. Mr. Sarcone may, however, participate in Defendant's case as an AUSA because Attorney General Blanche appointed him as one.

Defendant's motion to dismiss at Dkt. No. 37 having been denied and the issues challenging Mr. Sarcone's authority having been resolved, the Clerk of Court is respectfully directed to transfer the case back to Judge Brindisi.

Dated: November 16, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE